■ In the Matter of LONG ISLAND WATER CORP., Appellant, v. JOSEPH C. SWIDLER et al., Constituting the Public Service Commission of the State of New York, Respondents.— Proceeding pursuant to article 78 (transferred to the Appellate Division in the Third Judicial Department by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Public Service Commission which granted petitioner's application for a permanent rate increase but denied its request for reparations. On May 29, 1970 petitioner filed a new increased rate schedule with the Public Service Commission to take effect July 1, 1970. Pursuant to subdivision 10 of section 89-c of the Public Service Law respondent instituted a proceeding to investigate, and suspended the effectuation of the new rates until October 28, 1970, which date was subsequently extended to April 28, 1971. During the interim period petitioner applied to have the suspended rate schedule become effective immediately subject to the provisions of section 113 of the Public Service Law. While this was denied, petitioner was authorized to put into effect temporary rates designed to produce an increase in revenues, but lower than that provided under the proposed rates. At the conclusion of the hearing the hearing officer recommended that petitioner's proposed new rates be granted, and appropriate reparations be allowed for the period during which the lower temporary rates were in effect. The commission, on March 29, 1971, allowed the full rate increase filed by petitioner, but denied reparations. In denying reparations the commission concluded that they are not authorized during the 10-month period of suspension. It is the contention of petitioner, among other things, that section 113 of the Public Service Law, as amended by the Laws of 1970, mandates reparations in spite of its permissive language. Respondent contends that the

amendment was intended to permit the consumer to obtain a refund in cases where a temporary increase effective during the suspension period turned out to be greater than the ultimate permanent rate authorized by the commission. (Cf. *New York Tel. Co.* v. *Public Serv. Comm.,* 64 Misc 2d 485, revd. 36 A D 2d 261, mod. 29 N Y 2d 164.) Respondent further contends that in view of the structure and legislative history of the Public Service Law, reparations were not intended during the 10-month ssuspension period. *Matter of New Rochelle Water Co.* v. *Public Serv. Comm.* (38 A D 2d 375) establishes that reparations during the 10-month suspension period are permitted under section 113. On the instant record, however, we conclude that the determination of the commission denying reparations was not arbitrary and unreasonable. Determination confirmed, and petition dismissed, with costs to respondent Public Service Commission. Herlihy, P. J., Staley, Jr., Cooke, Sweeney and Simons, JJ., concur.